GULF PETRO TRADING COMPANY, INC.; Petrec International, Inc.; James S. Faulk; and James W. Faulk, Plaintiffs,

v.

NIGERIAN NATIONAL PETROLEUM CORPORATION; Bola Ajibola; Jackson Gaius–Obaseki: Sena Anthony; Andrew W.A. Berkeley; Ian Meakin; Hans Van Houtte, and Robert Clarke, Defendants.

No. 1:05 CV 619.

United States District Court, E.D. Texas, Beaumont Division.

Dec. 16, 2005.

David J. Bederman, Atlanta, GA, Robert Kenneth Frisch, Dallas, for Plaintiffs.

Lawrence Louis Germer of Germer, Bernsen & Gertz, Beaumont, TX, Frank C. Jones, Kevin Michael O'Gorman and Jennifer Lee Price, of Fulbright & Jaworski, Houston, TX, for Defendants.

## ORDER DENYING MOTION FOR LEAVE TO EXCEED PAGE LIMIT

CLARK, District Judge.

Defendants request leave to file a motion to dismiss that is seventy-three pages long, excluding exhibits. In the motion, Defendants allege that this court lacks both subject matter jurisdiction and personal jurisdiction and that the doctrine of sovereign immunity bars any suit.

Federal courts are vested with the inherent power to manage their affairs so as to achieve the orderly and expeditious disposition of cases. *See, e.g., Woodson v. Surgitek, Inc.* 57 F.3d 1406, 1417 (5th Cir.1995). They may adopt rules governing practice. Fed.R.Civ.P. 83. The judges of the Eastern District of Texas have adopted Local Rule CV–7(1), which states that dispositive motions shall not exceed thirty pages, excluding attachments. Defendants seek leave to file a motion more than twice this long.

Defendants' motion involves an attack on subject matter jurisdiction, so the court may consider evidence not contained in the pleadings. *Williamson v. Tucker,* 645 F.2d

404, 412–13 (5th Cir.1981). The case has numerous claims against multiple defendants. However, these factors do not justify filing a motion that is forty three pages longer than the rule allows.

Affidavits and other evidence may be attached to a motion and do not count against the page limit of Local Rule CV–7(1). Nothing in the papers on file indicates that this case raises novel issues, which would require extensive briefing. The court is not inclined, especially at the beginning of the case, to invite a paper war, with briefs, responses, replies, and sur-replies of geometrically increasing length.

The order to General Eisenhower to invade the entire continent of Europe consisted of a single paragraph. It would be unusual if the grounds for a motion to dismiss under Fed.R.Civ.P. 12(b)(1) or (2) could not be set out in thirty pages. In this case there is no reason to believe that an expansion of the page limit is going to improve the clarity of the argument.

IT IS THEREFORE ORDERED that Defendants' Motion for Leave to File Their Motion to Dismiss In Excess of Page Limit is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, submitted in conjunction with the motion, shall be **STRICKEN**. Defendants may re-file a motion of appropriate length.